IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Jakes,                          :
                    Petitioner          :
                                        :
         v.                             : No. 1055 C.D. 2016
                                        : Submitted: October 13, 2017
State Civil Service Commission          :
(Torrance State Hospital,               :
Department of Human Services),          :
                    Respondent          :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: November 14, 2017


        Before us again is the petition for review filed by Vincent Jakes (Jakes) from a State Civil Service Commission (Commission) order denying him a hearing from a personnel action that Jakes characterized as a demotion from his position at Torrance State Hospital, Department of Human Services (Employer). The Commission denied Jakes a hearing because it found that he had not been demoted since his Civil Service Classification had not changed and he had not lost any wages. However, because Jakes' personnel records were not part of the record, we vacated the Commission's order and remanded the matter for the Commission to include Jakes' personnel records establishing that he was not demoted and to make a new determination. We now affirm.

As we have previously stated, Jakes filed an appeal with the Commission alleging that he was demoted from his position in the Sexual Treatment Program to "Dietary." (Reproduced Record (R.R.) at 4a.) On the appeal form, he checked boxes indicating that he was appealing a demotion and provided a narrative claiming that his demotion was the result of racial discrimination. The narrative stated:

> Discrimination on the basis of race and other non-merit factors. On April 29, 2016, the Appellant was accused of sleeping at 4:30 AM on his shift by a resident. A Pre-Disciplinary Conference was held on May 4, 2016, wherein the Appellant was demoted from his position in the Sexual Responsibility Treatment Program to Dietary. There was no evidence presented against him other than the alleged evidence of a resident patient. The Appellant has been with Torrance State Hospital since 2001. He was moved to the Sexual Responsibility Treatment Program in 2006, and had been at that post for the last ten years without incident until this current demotion. The Appellant's long-term tenure in the Sexual Responsibility Treatment Program without incident and then to be demoted for an alleged sleeping incident witnessed by a resident is incongruent.

(R.R. at 4a.)

The Commission then issued an order that stated, in relevant part:

> The appeal relates to Vincent Jakes' demotion from Sexual Responsibility and Treatment Program Aide, regular status, with the Torrance State Hospital, Department of Human Services. There is no indication that a demotion has occurred as defined by the Civil Service Act and Rules. Accordingly, the request for

2

hearing is denied as there is no personnel action to review.

(R.R. at 4a).

After we vacated that order as described above, on remand, the Commission entered into the record Jakes' personnel records that it relied on to determine that he had not been demoted as defined by the Civil Service Act (Act).[1] *See* Section 3(r) of the Act, 71 P.S. § 741.3(r); 4 Pa Code § 91.3. The Commission also sent Jakes a "Verification" setting forth the reasons it arrived at the conclusion that he had not been demoted. Jakes responded that being assigned as a Dietary Aide rather than an Aide in the Sexual Responsibility Treatment Program for a period of three weeks after the alleged incident was, in fact, a demotion.

The Commission, after reviewing the personnel records, again found that Jakes was not entitled to a hearing on his claim because he was not demoted. It stated that, although he may have been temporarily assigned for three weeks to do other duties – which is a matter of managerial discretion and not an appealable personnel action – his classification (Sexual Responsibility Treatment Program Aide) and assigned pay range (ST04) did not change. The matter then came back to us and, though given an opportunity to file supplemental briefs, each party chose to rely on the briefs already filed.

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§ 741.1 - 741.1005.

3

On appeal, Jakes again contends that the Commission erred in not granting a hearing because his complaint alleged that race and other non-merit factors were the true cause of his demotion.

While Jakes contends that his demotion was the result of racial discrimination, that begs the question that there still must be a demotion before the action can be appealed for any reason. Section 3(16)(r) of the Act, 71 P.S. § 741.3(16)(r), states that:

> (r) "Demotion" means the voluntary or involuntary movement of an employee to a class assigned to a pay range with a lower maximum salary.

*See also* 4 Pa. Code § 91.3.

Jakes was not moved to a different classification and did not lose any pay because of his three-week assignment to a different job, which is a matter of managerial discretion. Because he was not demoted as that term is defined by the Civil Service Act, Jakes is not entitled to appeal the Commission's assignment determination. Accordingly, the Commission's order is affirmed.

_____
DAN PELLEGRINI, Senior Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Jakes,                                    :
                    Petitioner                    :
                                                  :
          v.                                      : No. 1055 C.D. 2016
                                                  :
State Civil Service Commission                    :
(Torrance State Hospital,                         :
Department of Human Services),                    :
                    Respondent                    :


# **O R D E R**


AND NOW, this 14th day of November, 2017, the State Civil Service Commission's Order of June 8, 2017, in the above-captioned matter is affirmed.


_____
DAN PELLEGRINI, Senior Judge